# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**BRENDA C. MCDANIEL**                                                               **PLAINTIFF**

**V.**                                                                                         **CASE NO. 1:05CV168**

**MIKE JOHANNS, SECRETARY**
**OF AGRICULTURE, UNITED STATES**
**DEPARTMENT OF AGRICULTURE**                                      **DEFENDANT**

## MEMORANDUM OPINION

This cause comes before the court on the defendant's motion [9] to dismiss, or in the alternative, for summary judgment and the plaintiff's motion [17-1] for discovery pursuant to Federal Rule of Civil Procedure 56(f). The court has reviewed the briefs and is prepared to rule.

Plaintiff Brenda C. McDaniel filed suit against Mike Johanns, the Secretary of Agriculture of the United States Department of Agriculture pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. 1985. Before instituting this action, Brenda McDaniel filed a complaint with United States Department of Agriculture. After an investigation, the Department of Agriculture issued a Final Agency Decision finding that there was no evidence that the plaintiff had been discriminated against on the bases alleged in her complaint. The plaintiff subsequently appealed to the Equal Employment Opportunity Commission, which affirmed the Final Agency Decision of the Department of Agriculture. On July 14, 2005, the plaintiff initiated the present action.

In the complaint, the plaintiff alleged that the defendant, her employer, engaged in unlawful discrimination and retaliation against her for prior Equal Employment Opportunity activity. In response to the defendant's motion, the plaintiff has voluntarily abandoned Counts II

and III of her complaint, which allege violations of her Constitutional and statutory rights under 42 U.S.C. § 1985 and intentional/negligent infliction of emotional distress. As such, this court will only address allegations of Count I of the plaintiff's complaint, discrimination based on gender and retaliation under Title VII.

Brenda is an Administrative Specialist at the United States Department of Agriculture's Attala County office located in Kosciusko, MS. Brenda had initiated and settled an EEO action prior to instituting the EEO action that preceded this suit. She alleges that she was removed from her position as an administrative officer and reclassified at a lower grade, that she was barred from the State Office District Director monthly meetings even though she is the State Assistant Administrative Officer, and that her former supervisor, against whom she had previously filed an EEO complaint, entered derogatory comments on a performance review even though he was no longer her supervisor and contrary to a policy which held that work not accomplished as a result of approved leave time cannot be held against an individual. She also alleges that she was barred from calling the National Office pursuant to an unwritten policy.

In seeking dismissal, the defendant argues that the plaintiff cannot establish a claim for sex discrimination; that the plaintiff's claims do not rise to the level of adverse employment actions as required to establish retaliation; the plaintiff cannot establish a causal connection between her protected classifications and the alleged adverse employment actions; the plaintiff cannot establish a claim for retaliation; and the plaintiff cannot establish a claim for disparate impact. The plaintiff responds by asserting that the affidavit of Mickey Black , State Executive Director, should be stricken because it contains conclusory allegations and legal conclusions and she requests additional discovery pursuant to Rule 56(f). Since both parties have submitted

documentation outside of the pleadings, this motion to dismiss will be treated as a motion for summary judgment.

## **ANALYSIS**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 120 S.Ct. at 2110.

**1.    Unlawful Employment Discrimination**

Title VII of the Civil Rights Act of 1964 makes it an unlawful employment practice for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21, 114 S. Ct. 367, 370, 126 L.Ed. 295 (1993). This language is not limited to "economic" or "tangible" discrimination. *Harris*, 510 U.S. at 21. The phrase 'terms, conditions, or privileges of employment' evinces a congressional intent to strike at the entire spectrum of disparate treatment of men and women in employment,

3

which includes requiring people to work in a discriminatorily hostile or abusive environment. *Id*.

Under Title VII, a plaintiff must establish a prima facie case of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801-803, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). In order for Brenda McDaniel to establish a claim of disparate treatment, she must establish that 1) she is a member of a protected class, 2) she was qualified for her position, 3) she suffered an adverse employment action, and 4) others similarly situated were more favorably treated. *Rutherford v. Harris County, Texas*, 197 F.3d 173, 184 (1999). The prima facie case, once established, raises a presumption of discrimination, which the defendant must rebut by articulating a legitimate, nondiscriminatory reason for its actions. *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (1999). If the defendant satisfies this burden, the plaintiff must prove that the proffered reasons are pretextual. *Shackelford*, 190 F.3d at 404. When a Title VII case reaches the pretext stage, the only question on summary judgment is whether there is a conflict in substantial evidence to create a jury question regarding discrimination. *Id*. In raising a genuine issue of fact, the plaintiff must offer evidence that 1) the defendant's reason is not true, but is merely a pretext for discrimination; or 2) the defendant's reason, while true, is only one of the reasons for its conduct and another "motivating factor" for its conduct is the plaintiff's protected characteristic. *Rachid v. Jack In The Box, Inc*., 376 F.3d 305, 312 (5th Cir.2004). Once the plaintiff makes a mixed-motive showing, the defendant must then demonstrate that the same adverse employment decision would have been made regardless of the discriminatory animus. *Rachid*, 376 F.3d at 312. It is important to note that although the burden of production shifts to the defendant, the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff at all times remains with the plaintiff. *St. Mary's*

*Honor Center v. Hicks*, 509 U.S. 502, 507, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407 (1993).

Brenda McDaniel has easily established the first two prongs of the *McDonnell Douglas* test. She is female, granting her membership into a protected class, and the defendant has not alleged that she is unqualified for her position. An "adverse employment action" required by the third prong includes actions relating to hiring, firing, failing to promote, reassignment with significantly different responsibilities, or decisions causing a significant change in benefits. *Burlington Industries, Inc., v. Ellerth*, 524 U.S. 742, 761, 118 S.Ct. 2257, 2268, 141 L.Ed.2d 633 (1998). In response to the defendant's claim that the plaintiff has not suffered an adverse employment action, the plaintiff directs the court to paragraphs 7 and 8 of her complaint and the exhibits attached to her response. After reviewing the paragraphs and relevant documentation presented, this court finds that Brenda McDaniel has not demonstrated that she has suffered an adverse employment action as required to make a prima facie showing of discrimination.

In paragraph 7, the plaintiff alleges that she was not permitted to attend State Office District Director meetings. However, the defendant has presented evidence of the plaintiff's attendance at various meetings relevant to her job performance. The plaintiff does not present any evidence or statement to the contrary in her response. She also alleges that there were derogatory remarks on her performance evaluation, yet review of the evaluation in question indicates that Brenda McDaniel was given the rating of "Results Achieved" and the remarks made on the evaluation are not objectively derogatory. The plaintiff also alleges that she lost her position as an Administrative Officer and was reclassified at a lower grade. Exhibits submitted by Brenda McDaniel detail the job descriptions of each of the positions held. The descriptions show that both positions are classified at the GS-12 level, and the responsibilities are not

significantly different. In fact, the majority of the job responsibilities are exactly the same.

The plaintiff has also filed a motion under Fed. R. Civ. Pro. 56(f) requesting additional time to conduct discovery. Fed. R. Civ. Pro. 56(f) states:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Rule 56 requires that plaintiffs excuse their inability to raise genuine issues of material fact by stating specific reasons. *Woods v. Federal Home Loan Bank Board*, 826 F.2d 1400 (5th Cir. 1987). The plaintiff states that she is at a great disadvantage because she has not had a chance to conduct discovery and that it is impossible for the plaintiff to determine what allegations the defendant does or does not deny since the defendant has not filed an answer. This argument is unpersuasive in light of the fact that both parties were participants in an administrative proceeding regarding these very issues. As the court is not convinced that additional discovery will enable to plaintiff to establish a prima facie case for discrimination, the plaintiff's motion is denied.

**2.      Retaliation**

Title VII's anti-retaliation provision forbids employer actions that "discriminate against" an employee or a job applicant because that individual "opposed any practice" made unlawful by Title VII or "made a charge, testified, assisted, or participated in" a Title VII investigation, proceeding, or hearing. *Burlington Northern & Santa Fe Railway Co. v. White*, 126 S. Ct. 2405, 2410; 165 L. Ed. 345 (2006). In order to establish a prima facie case of retaliation, the plaintiff must show that she 1) engaged in activity protected by Title VII; 2) that an adverse employment

6

action occurred; and 3) that there was a causal connection between the protected activity and the adverse employment decision. *Shackelford*, 190 F.3d at 407-08. Once the prima facie case is made, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its employment decision. *Rachid*, 376 F.3d at 312. When the defendant presents its reason, the plaintiff must offer evidence that 1) the defendant's reason is not true, but is merely a pretext; or 2) the defendant's reason, while true, is only one of the reasons for its conduct and another "motivating factor" for its conduct is the plaintiff's protected activity. *Id*. Once the plaintiff makes a mixed-motive showing, the defendant must then demonstrate that the same adverse employment decision would have been made regardless of the discriminatory animus. *Id*.

In *White*, the Supreme Court expressly rejected the restrictive approach adopted by the Fifth and Eighth Circuits employing an "ultimate employment decision" standard, which limits actionable retaliatory conduct to acts such as hiring, granting leave, discharging, promoting, and compensating. *White*, 126 S. Ct. at 2410, 2414. Instead, the Court adopted the approach utilized by the Seventh and District of Columbia circuits. This approach requires that a plaintiff show that a reasonable employee would have found the challenged action materially adverse, which means that the action might well have dissuaded a reasonable worker from making or supporting a charge of discrimination. *Id*. at 2415.

In clarifying its view, the Court noted that the anti-discrimination provision of Title VII seeks a workplace where individuals are not discriminated against because of their racial, ethnic, religious, or gender-based status. *Id.* at 2412. This substantive provision seeks to prevent injury to individuals based on who they are while the anti-retaliation provision of Title VII seeks to prevent harm to individuals based on what they do. *Id*. A retaliation provision limited to

7

employment related actions would not deter the many forms that effective retaliation can take. *Id*. The Court also noted that its decision in *Burlington Industries, Inc., v. Ellerth*, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998) speaks of a Title VII requirement that violations involve "tangible employment action" such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits, but that *Ellerth* does so only to identify a class of hostile work environment cases in which an employer should be held vicariously liable (without an affirmative defense) for the acts of supervisors. *Id*. at 2413. *Ellerth* did not refer to Title VII's anti-retaliation provision at all. *Id*.

By filing a prior EEO action, it is clear that Brenda McDaniel engaged in activity protected by Title VII. However, Brenda McDaniel is unable to establish an adverse employment action on her retaliation claim for the same reasons previously discussed on her discrimination claim. Her request for discovery pursuant to Rule 56(f) as it pertains to retaliation fails for the same reasons as well.

## **CONCLUSION**

ACCORDINGLY, this Court finds that the defendant's motion [9] to dismiss, or in the alternate for summary judgment is GRANTED. The plaintiff's motion [17-1] for discovery pursuant to Rule 56(f) is DENIED. A separate order to that effect shall issue this day.

This the 27th day of September, 2006.

                                         **/s/ Michael P. Mills**
                                         **UNITED STATES DISTRICT JUDGE**